UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| TODD ROTH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:11-22783-Civ-MGC |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ROYAL CARIBBEAN CRUISES LTD., RICHARD D. FAIN, BRIAN J. RICE and HENRY L. PUJOL, | ) ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| STANLEY WOLFE, Individually and on Behalf of All Others Similarly Situated, | ) ) | Case No. 1:11-22855-Civ-PAS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ROYAL CARIBBEAN CRUISES LTD., RICHARD D. FAIN and BRIAN J. RICE, | ) ) ) | |
| Defendants. | ) ) ) | |

[Caption continued on following page.]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE PENSION & TRUST FUNDS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| ILEANA COLLINS, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>ROYAL CARIBBEAN CRUISES LTD., RICHARD D. FAIN, BRIAN J. RICE and HENRY L. PUJOL,<br><br>          Defendants. | Case No. 1:11-23255-Civ-JAL |

## I.    PRELIMINARY STATEMENT

Presently pending in this District are three securities class action lawsuits (the "Actions") brought on behalf of all those who purchased Royal Caribbean Cruises Ltd. ("Royal Caribbean" or the "Company") securities between April 23, 2009 and July 28, 2011, inclusive (the "Class Period"). The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Proposed lead plaintiffs District No. 9, I.A. of M. & A.W. Pension Trust and the United Association Local Union Officers & Employees Pension Fund (collectively, the "Pension & Trust Funds") hereby move this Court for an order: (i) consolidating the related Actions pending in this District pursuant to Federal Rule of Civil Procedure 42(a); (ii) appointing the Pension & Trust Funds as Lead Plaintiffs in the Actions pursuant to the PSLRA; and (iii) approving the Pension & Trust Funds' selection of  Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel.

This motion is made on the grounds that the Pension & Trust Funds, two institutional investors, are the most adequate plaintiffs as defined by the PSLRA.  The Pension & Trust Funds have suffered a loss of approximately $740,000 in connection with their purchases of Royal Caribbean securities during the Class Period.  *See* Wilens Decl. Ex. B.[1]  In addition, the Pension & Trust Funds, for purposes of this motion, adequately satisfy the requirements of Federal Rules of Civil Procedure 23 in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.  Accordingly, the Pension & Trust Funds' motion should be granted.

## II.	FACTUAL BACKGROUND

Royal Caribbean is a global cruise company operating a fleet of vessels in the cruise vacation industry.  The complaint alleges that, throughout the Class Period, defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, defendants made false and/or misleading statements and/or failed to disclose that:  (1) the Company improperly accounted interest expenses related to the amortization of certain financing fees related to certain of the Company's export credit agency guaranteed loans; (2) the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (3) defendants' statements that the Company was operating according to plan, along with their statements regarding the Company's earnings guidance and prospects, were lacking in any reasonable basis when made; and (4) the

---

[1]	References to the "Wilens Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Douglas Wilens in Support of Motion of the Pension & Trust Funds for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated October 3, 2011, and submitted herewith.

Company lacked adequate internal and financial controls.  As a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

On July 27, 2011, after the market closed, the Company disclosed "an error in the previous accounting treatment of interest expense relating to its amortization of certain financing fees and has revised its past financial statements to reflect the correct accounting."  As a result of the "error," the Company admitted that it had overstated the earnings per share ("EPS") for 2009, 2010, and the first quarter of 2011 by $0.05, $0.15 and $0.06, respectively.  The Company also reduced its full-year earnings guidance by $0.10 per share excluding the "error," and by an additional $0.20 per share upon correcting the "error," rending the Company's new outlook for 2011 EPS to a range of $2.85-$2.95, down from a previous range of $3.10-$3.30.  On this news, the Company's shares declined $4.50 or more than 12.5% and closed at $31.26 the following day.

## III.   ARGUMENT

### A.   The Related Actions Pending in this District Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii); *see Grand Lodge of P.A. v. Peters*, 2007 WL 1812641, at *1 (M.D. Fla. June 22, 2007) (recognizing that "[t]he PSLRA requires that the Court consolidate the actions, if warranted, before determining lead plaintiff.").[2]

Under Federal Rules of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).  At present, there are three

---

[2]      Unless otherwise noted, all emphasis is added and citations omitted.

4

securities class actions pending in this District against Royal Caribbean and certain of its officers and directors:  (1) *Roth v. Royal Caribbean Cruises Ltd.*, No. 11-cv-22783-MGC, filed August 2, 2011; (2) *Wolfe v. Royal Caribbean Cruises Ltd.*, No. 11-cv-22855-PAS, filed August 8, 2011; and (3) *Collins v. Royal Caribbean Cruises Ltd.*, No. 11-cv-23255-JAL, filed September 8, 2011.

These Actions, despite alleging different, yet overlapping, class periods,[3] present identical factual and legal issues, assert identical claims under the securities laws, and name similar defendants.  *See Piven v. Sykes Enterprises, Inc.*, 137 F. Supp. 2d 1295, 1299 n.2 (M.D. Fla. 2000) (noting that although each action proposes a different class period, "[t]he exact class period will be resolved with the District Court certifies the class.").  Because these Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.  Thus, consolidation is appropriate here.  *Grand Lodge of P.A.*, 2007 WL 1812641, at *1.

**B.     The Pension & Trust Funds Should Be Appointed Lead Plaintiffs**

**1.     The Procedure Required by the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as

---

[3]      The *Roth* action asserts a class period running from January 27, 2011 through July 28, 2011.  The *Wolfe* and *Collins* actions assert an extended class period running from April 23, 2009 through July 28, 2011.  For purposes of this motion, the Pension & Trust Funds use the longer class period.  *See, e.g.*, *Miller v. Dyadic Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32271, at *11 (S.D. Fla. Apr. 18, 2008) (in determining the appropriate class period to evaluate lead plaintiff motions, "the Court finds that the better rule, as many other courts have held, is the rule that chooses the most inclusive class period at this early stage in the litigation.").

lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, notice regarding the pendency of the Actions was published on *Globe Newswire*, a national, business-oriented newswire service, on August 2, 2011. *See* Wilens Decl. Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002).

## 2. The Pension & Trust Funds Satisfy the "Lead Plaintiff" Requirements of the PSLRA

### a. The Pension & Trust Funds Have Timely Filed a Lead Plaintiff Motion

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on October 3, 2011.  *See* 15 U.S.C. §78u-

4(a)(3)(A) & (B).  Pursuant to the provisions of the PSLRA, and within the requisite timeframe after publication of the required notice (published on August 2, 2011), the Pension & Trust Funds timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Representatives of the Pension & Trust Funds have duly signed certifications stating that each fund is willing to serve as the representative party on behalf of the class.  *See* Wilens Decl. Ex. C.  In addition, the Pension & Trust Funds have submitted a Joint Declaration attesting that they have conferred about the motion, understand their responsibilities as Lead Plaintiffs, and wish to pursue this motion jointly for the benefit of the class.  *See* Wilens Decl. Ex. D.  Finally, the Pension & Trust Funds have selected and retained competent counsel to represent them and the class.  *See* Wilens Decl. Ex. E.  Accordingly, the Pension & Trust Funds are entitled to have their application for appointment as Lead Plaintiffs considered and approved by the Court.

### b.  The Pension & Trust Funds Have the Requisite Financial Interest in the Relief Sought by the Class

As evidenced by the accompanying signed certifications and loss chart, the Pension & Trust Funds purchased Royal Caribbean securities during the Class Period and were injured thereby.  *See* Wilens Decl. Ex. B, C.  In fact, the Pension & Trust Funds incurred a substantial loss of approximately $740,000 on their transactions in Royal Caribbean securities.  *See* Wilens Decl. Ex. B.  Upon information and belief, the Pension & Trust Funds have the largest financial interest of any other lead plaintiff movant in the Actions.  15 U.S.C. §78u-4(a)(3)(B).

### c.  The Pension & Trust Funds Otherwise Satisfy Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the

class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification.  *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *18.  The Pension & Trust Funds satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Fed. R. Civ. P. 23(a)(3).  Typicality exists where the plaintiffs' claims and the class claims "share the same 'essential characteristics as the class at large.'"  *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19; *see also Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*, 2008 WL 1943955, at *2 (S.D. Fla. May 2, 2008) ("With regard to typicality, the proposed Lead Plaintiff should have suffered the same injuries as the absent class members as a result of the same course of conduct by the defendants and maintain claims based on the same legal issues as the absent class members.").  "[T]ypicality [does not] require that all putative class members share identical claims, and [it] may be satisfied even if some factual differences exist between the claims of the named representatives and the claims of the class at large."  *In re MIVA, Inc.*, 2008 U.S. Dist. LEXIS 21108, at *10 (M.D. Fla. Mar. 12, 2008).

The Pension & Trust Funds satisfy this requirement because, just like all other class members, they: (1) purchased Royal Caribbean securities during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby. Thus, the Pension & Trust Funds' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Pension & Trust Funds to represent the class to the existence of any conflicts between their interests and the interests of the members of the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) & (bb). "The adequacy requirement is satisfied where, as here: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19.

Here, the Pension & Trust Funds are adequate representatives of the class because their interests in the Actions are clearly aligned with those of the members of the class, and there is no evidence of any antagonism between the Pension & Trust Funds' interests and those of the other members of the class. Further, the Pension & Trust Funds have taken significant steps which demonstrate that they will protect the interests of the class in that they have retained competent and experienced counsel to prosecute these claims. As shown below, proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Accordingly, the Pension & Trust Funds *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for purposes of this motion.[4]

### C.   The Court Should Approve The Pension & Trust Funds' Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Pension & Trust Funds have selected Robbins Geller to serve as Lead Counsel, a firm with substantial experience in the prosecution of shareholder and securities class actions.  *See McIlvaine v. Arthrocare Corp.*, Case No. 9:08-cv-80343-KLR (S.D. Fla. July 10, 2008) ("Upon review of the firm's credentials, this Court finds that [Robbins Geller] possess the requisite experience in litigating securities class actions to represent the interests of the potential class members."); *see also Climo v. Office Depot, Inc.*, Case No. 11-80364-CIV-RYSKAMP\VITUNAC (S.D. Fla. July 5, 2011) (approving of selection of Robbins Geller); *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 2007 WL 170556, at *4 (M.D. Fla. Jan. 18, 2007) (same); *see also* Wilens Decl., Ex. D.  Accordingly, the Court should approve the Pension & Trust Funds' selection of Lead Counsel.

---

[4]   Moreover, the Pension & Trust Funds, as institutional investors, are precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA:  "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent classmembers."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).

## IV.    CONCLUSION

For all the foregoing reasons, the Pension & Trust Funds respectfully request that the Court: (i) consolidate the related Actions pursuant to Fed. R. Civ. P. 42(a); (ii) appoint them as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED:  October 3, 2011                     ROBBINS GELLER RUDMAN & DOWD LLP


                                            _____
                                            s/ Douglas Wilens
                                            DOUGLAS WILENS

                                            PAUL J. GELLER (FL Bar No. 984795)
                                            pgeller@rgrdlaw.com
                                            DOUGLAS WILENS (FL Bar No. 0079987)
                                            dwilens@rgrdlaw.com
                                            SABRINA E. TIRABASSI (FL Bar No. 25521)
                                            stirabassi@rgrdlaw.com
                                            120 East Palmetto Park Road, Suite 500
                                            Boca Raton, FL  33432
                                            Telephone:  561/750-3000
                                            561/750-3364 (fax)

                                            [Proposed] Lead Counsel for Plaintiff

                                            O'DONOGHUE & O'DONOGHUE LLP
                                            LOUIS P. MALONE
                                            JAMES R. O'CONNELL
                                            4748 Wisconsin Avenue, N.W.
                                            Washington, DC  20016
                                            Telephone:  202/362-0041
                                            202/362-2640 (fax)

                                            Additional Counsel for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 3, 2011, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all

counsel of record.


_____
                    *s/ Douglas Wilens*
                    DOUGLAS WILENS